QUESTION: What is the effect of ss. 166.021 and 166.041, F.S., of the Municipal Home Rule Powers Act on that part of the charter of the City of Miramar which requires a minimum of three affirmative votes of the city council to adopt an ordinance or resolution?
SUMMARY: That part of the municipal charter of the City of Miramar which requires an affirmative vote of three members of the city council to adopt an ordinance or resolution has been nullified and repealed or has become a municipal ordinance pursuant to s.166.021(4) and (5), F.S. The city council, if it desires, may adopt by ordinance or charter amendment additional, more stringent requirements than those contained in s. 166.041, F.S., which establishes a uniform procedure for the enactment of municipal ordinances and resolutions. Section 166.021, F.S., of the Municipal Home Rule Powers Act — which was recently held constitutional by the Supreme Court of Florida in City of Miami Beach v. Forte Towers, Inc., Case No. 44,936 (Opinion filed October 9, 1974) — grants broad home rule powers to municipalities to "exercise any power for municipal purposes, except when expressly prohibited by law." In addition, and except as otherwise provided therein, subsections 166.021(4) and (5), id., have the effect of nullifying and repealing or making ordinances of many provisions of municipal charters which constitute limitations on, or which pertain exclusively to, municipal power or jurisdiction. The charter provision to which you refer does not appear to be within the enumerated exceptions contained in s. 166.021(4), F.S. Thus, said charter provision, as of the effective date of Ch. 166, id., is no longer a part of the charter of the City of Miramar but has been nullified and repealed or has become a municipal ordinance. Cf. AGO 073-478. However, although I am inclined to the view that said charter provision is a "limitation of power" within the context of s. 166.021(4) and has been nullified and repealed rather than made an ordinance, I cannot unequivocally state that such has been the effect. Therefore, if, as discussed infra, the city council of the City of Miramar wishes to establish a minimum vote requirement by ordinance, the safer course would appear to be to adopt a new ordinance for that purpose. With respect to s. 166.041, F.S. — the other provision to which you refer — I am of the opinion that, when read in its entirety, it establishes a uniform procedure for the enactment of municipal ordinances and resolutions which is applicable to, and cannot be lessened or reduced by, all municipalities in the state. However, as provided in s. 166.041(6), a municipality may specify, by future ordinance or charter amendment, additional requirements for the adoption or enactment of ordinances or resolutions, or prescribe procedures in greater detail than contained in s. 166.041. Thus, it would appear that the city council of the City of Miramar, if it so desires, may adopt by ordinance or charter amendment additional, more stringent requirements than those established by s. 166.041, including a requirement that an ordinance or resolution be adopted by a minimum of three affirmative votes. Placing such a requirement in the city's charter would, of course, lend to its permanency, since the procedure for amending municipal charters, s. 166.031, id., is more complex than the procedure for amending ordinances.